# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * | | |
| JOSEPH VIRISSIMO, | * | |
| *parent, on behalf of M.V.,* | * | No. 24-1168V |
| | * | |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | Filed: September 28, 2026 |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * | | |

Michael H Coggeshall, Gillock & Coggeshall, Las Vegas, NV, for petitioner;
Parisa Tabassian, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Joseph Virissimo's motion for final attorneys' fees and costs. He is awarded **$32,995.01**.

## I. Procedural History

On July 31, 2024, Mr. Joseph Virissimo, parent on behalf of M.V., ("petitioner") filed a petition for compensation under the Nation Vaccine Injury

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

Compensation Program, 42 U.S.C. §300aa-10 through 34. Mr. Virissimo alleged that the meningococcal conjugate ("MCV4") vaccine and tetanus, diphtheria, and acellular pertussis ("Tdap") vaccine his child M.V. received on August 4, 2021, caused M.V. to suffer from Stevens-Johnson Syndrome ("SJS") and Toxic Epidermal Necrolysis ("TEN"). On July 22, 2025, Mr. Virissimo filed a motion for a decision dismissing his petition, and on July 30, 2025, the undersigned dismissed this case for insufficient proof. 2025 WL 2439181 (July 30, 2025).

On November 26, 2025, petitioner filed a motion for attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees in the amount of $8,348.00, and attorneys' costs in the amount of $24,960.01, for a total request of $33,308.01. Fees App. at 12. Additionally, petitioner represents that he did not personally incur costs related to the prosecution of this case. *Id*. at 16. On December 1, 2025, respondent responded to petitioner's motion with his boilerplate response. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id. at 2. Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 5. Petitioner did not file a reply.

## II. Reasonable Amount of Attorneys' Fees and Costs

Although compensation was denied, petitioners who bring their petitions in good faith and who have a reasonable basis for their petitions may be awarded attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). In this case, although petitioner's claim was ultimately unsuccessful, the undersigned finds that good faith and reasonable basis existed throughout the matter. A final award of reasonable attorneys' fees and costs is therefore proper in this case and the remaining question is whether the requested fees and costs are reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because

the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

A. Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests the following hourly rates for the work of his counsel, Mr. Michael Coggeshall: $270.00 per hour for work performed in 2021, $290.00 per hour for work performed in 2022, $305.00 per hour for work performed in 2023, $330.00 per hour for work performed in 2024, and $410.00 per hour for work performed in 2025. See Fees App. at 10, Ex. 1.

This is Mr. Coggeshall's first case in the Vaccine Program. Mr. Coggeshall was admitted to practice law in Nevada in 2017, and was admitted to practice before the United State Court of Federal Claims in 2022. See Fees App. at 10. Based on the undersigned's experience, the hourly rates billed by Mr. Coggeshall are reasonable and shall be awarded herein.

B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable. Nevertheless, after reviewing the submitted billing statement, the undersigned finds that the overall hours spent on this matter requires reduction.

The undersigned has reviewed the submitted billing entries and finds the request to be reasonable. The billing entries contain sufficient detail to permit the

undersigned to assess their reasonableness, and upon review none appear to be objectionable. Respondent also has not indicated that he finds any of the billing entries to be objectionable.

Therefore, petitioner is awarded final attorneys' fees in the amount of **$8,348.00**.

C. Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Hum. Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $24,960.01 in attorneys' costs. See Fees App. Ex. 2. These costs are comprised of acquiring medical records, postage, a filing fee of attorney admission to the federal court, a Nevada Bar Association certificate of good standing and expert services provide by Dr. Jeffrey M. Davidson. See Exs. 2-4.

Petitioner requests reimbursement for expert services provided by Dr. Davidson totaling $24,515.95. See Fees App. at 12, see also Fees App. Exs. 2-3. The amount of time Dr. Davidson billed for his services is a bit confusing. Dr. Davidson submitted detailed timesheets totaling approximately 84.58 hours. However, the two invoices submitted only total 69.23 hours. Compare Fees App. Ex. 3 at 2-3 with Fees App. Ex. 3 at 8-27. In his motion, petitioner explains, "Dr. Davidson's invoices reflect a total time spent on this case of 69.23 hours at a rate of $550/hr. Dr. Davidson discounted his rate for Plaintiff, so that Plaintiff only had to pay Dr. Davidson $24,515.95, or his full rate for only 44.57 hours." Fees App. at 12. Based on petitioner's explanation, Dr. Davidson further reduced the hours billed by 24.66 hours, which, billed at $550.00 per hour amounts to a $13,563.00 discount. However, Dr. Davidson's October 18, 2022 invoice reflects a discount of $22,307.50. Fees App. Ex. 3 at 3.

Nevertheless, petitioner submitted copies of four checks: (1) 4/12/22 – check no. 12632 - $3,000.00; (2) 7/27/22 - check no. 12712 - $4,975.00; (3) 9/29/22 - check no. 12753 - $10,769.00; and (4) 4/20/23 - check no. 12833 - $5,771.95. These checks total $24,515.95, which is the amount petitioner is requesting. Despite the confusing billing, the undersigned find that the amount billed by Dr. Davidson for his services to be reasonable and will award it in full.[2]

[2] In making this finding, the undersigned does not endorse Dr. Davidson's rate; rather, the undersigned finds that the total amount billed for his services was reasonable in this case.

Counsel is cautioned that a future failure to provide clear billing records for expert services could result in a reduction or denial of compensation for those costs.

Finally, the cost for admission to the court and counsel's certificate of good standing are both non-compensable. See Ceballos v. Sec'y of Health & Human Servs., No. 99-97V, 2004 WL 784910, at *15 (Fed. Cl. Spec. Mstr. Mar. 25, 2004) (the admission fee for the USCFC bar is not recoverable); see also, Raymo v. Sec'y of Health & Human Servs., 2016 WL 7212323, at *24 (denying costs associated with obtaining counsel's certificate of good standing from the State Supreme Court). These costs are considered to be part of the attorney's basic qualifications to practice in this court and are not chargeable in a fee request in the Vaccine Program. This results in a reduction of **$313.00**.

The undersigned finds that the remaining costs for medical records and postage are all typical administrative costs incurred in the Vaccine Program, and were reasonably incurred in this case. Accordingly, Petitioner is entitled to final attorneys' costs of $24,647.01.

## III. Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, the undersigned awards attorneys' fees and costs as follows: a lump sum of **$32,995.01** (representing $8,348.00 in attorneys' fees and $24,647.01 in attorneys' costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.